IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

J & J SPORTS PRODUCTIONS, INC.                                              PLAINTIFF

v.                                         Case No. 5:15-CV-05200

SILVIA ARGUETA, individually and d/b/a                                 DEFENDANT/
La Sirenita Restaurant a/k/a La Sirena                          THIRD-PARTY PLAINTIFF

v.

DISH NETWORK, L.L.C.                                         THIRD-PARTY DEFENDANT

**OPINION AND ORDER**

Currently before the Court are Defendant / Third-Party Plaintiff Silvia Argueta's first motion for partial summary judgment (Doc. 12), second motion for partial summary judgment (Doc. 15), and third motion for partial summary judgment (Doc. 18); Plaintiff J & J Sports Productions, Inc.'s ("J & J") motion to strike paragraph 27 of Argueta's third-party complaint (Doc. 43); Third-Party Defendant Dish Network, L.L.C.'s ("Dish") motion to dismiss (Doc. 46); and the parties' responses and supporting documents. The Court will address each motion in turn.

**I.   Background**

This is one of a number of recent lawsuits filed in this district by J & J, a rights holder for major boxing matches. J & J alleges that on September 14, 2013, Argueta personally or specifically directed employees of her restaurant to unlawfully intercept and broadcast "'The One' Floyd Mayweather, Jr. v. Saul Alvarez WBC Light Middleweight Championship Fight Program." J & J was the exclusive commercial domestic distributor of the televised fight. J & J filed suit against Argueta for the alleged unlawful dissemination of the fight under (1) the Federal Communications Act of 1934, 47 U.S.C. § 605, et seq.; (2) the Cable Communications Policy Act

1

of 1984, 47 U.S.C. § 553 et seq.; and (3) conversion under Arkansas law. Because Argueta purchased its television services from Dish, based on the same nucleus of facts, Argueta filed a third-party complaint against Dish for negligence, deceit, and violations of the Arkansas Deceptive Trade Practices Act.

## II. Analysis

### A. Argueta's First Motion for Partial Summary Judgment

Argueta's reply states that this motion "was filed in error and [Argueta] move[s] to withdraw it." (Doc. 32, p. 2). Thus, the Court will terminate this motion.

### B. Argueta's Second Motion for Partial Summary Judgment

In her second motion for partial summary judgment, Argueta argues that 47 U.S.C. §§ 553 and 605—the statutes J & J alleges Argueta violated in Counts One and Two of J & J's complaint—are mutually exclusive, and because Argueta acknowledges that § 605 is applicable, Count Two alleging the violation of § 553 should be stricken from J & J's complaint. (Doc. 15). The Court will not strike the claim, but can grant Argueta summary judgment on the claim and dismiss it. J & J acknowledges that while the Eighth Circuit has not ruled on the matter, "the prevailing trend, including among the district courts in the Eighth Circuit, is to apply 47 U.S.C. § 605 to satellite violations" and find the statutes to be mutually exclusive.[1] (Doc. 33, p. 3).

Section 553 provides that "[n]o person shall intercept or receive or assist in intercepting or receiving any *communications service offered over a cable system,* unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law." 47

---

[1] Case law indicates this assertion is correct. *See Joe Hand Promotions, Inc. v. Ridgway*, 2014 WL 7005239, at *2 (W.D. Mo. Dec. 10, 2014) ("A majority of the circuit courts of appeals, as well as district courts within the Eighth Circuit, interpret sections 605 and 553 to be mutually exclusive.") (citations omitted).

U.S.C. § 553 (emphasis added).  Section 605 states that "[n]o person not being authorized by the sender shall intercept *any radio communication* and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person."  47 U.S.C. § 605 (emphasis added).  The Court agrees that the language of these two statutes makes it clear that they are mutually exclusive, with § 553 applying only to cable systems, and § 605 applying only to satellite or radio transmission, and not to cable transmission.

J & J is permitted to plead two alternative theories of liability, as it has done here.  *See* Fed. R. Civ. P. 8(a)(3) ("A pleading that states a claim for relief must contain… a demand for the relief sought, which may include relief in the alternative or different types of relief."); Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones."); Fed. R. Civ. P. 18 ("A party asserting a claim… may join, as independent or alternative claims, as many claims as it has against an opposing party.").

However, J & J is only allowed to recover under one of these mutually exclusive statutes.  J & J requested in its response that the Court defer judgment on its claim alleging a violation of § 553 until after discovery.  (Doc. 33, p. 3).[2]  The time for discovery has since passed,[3] and J & J has not filed a supplement to its response identifying which statute it believes applies in the present case.  "If a party fails… to properly address another party's assertion of facts as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and

---

[2] J & J argues that "[t]he specific facts related to the broadcast are directly material to whether 47 U.S.C. § 605 or 47 U.S.C. § 553 will apply herein."

[3] The final scheduling order states that "ALL discovery must be completed no later than November 8, 2016." (Doc. 56, p. 1) (emphasis in original).

3

supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or (4) issue any other appropriate order." Fed. R. Civ. P. 56(e).  J & J filed its response on January 20, 2016, and the discovery deadline was November 8, 2016.  Its opportunity to properly address Argueta's motion has spanned more than 10 months.  The Court thus deems Argueta's assertion that § 605 is applicable to be undisputed, and will grant Argueta's motion for partial summary judgment such that J & J's claim alleging a violation of § 553 will be dismissed without prejudice.

   **C.**  **Argueta's Third Motion for Partial Summary Judgment**

In her third motion for partial summary judgment, Argueta contends that as a matter of law if a "violation of the Telecommunications Act of 1934 is alleged, that is the exclusive remedy of the party and state law claims must be dismissed." (Doc. 18, ¶ 4).  The Court will not dismiss J & J's conversion claim simply because violations of § 553 and § 605 are alleged.  However, as a matter of law, the Court finds that J & J cannot recover damages under both the Telecommunications Act of 1934 and a state law conversion claim.  *See Joe Hand Promotions, Inc. v. Peterson*, 2014 WL 824119, at *5 (D. Neb. Mar. 3, 2014) ("If Joe Hand recovers under one of those theories, its state law conversion claim is not viable.") (citations omitted); *J & J Sports Prods., Inc. v. Brewster "2" Cafe, LLC*, 2014 WL 4956501, at *7 (E.D. Ark. Oct. 2, 2014) ("Although there is some authority to the contrary, the Court agrees with those courts holding that recovery under both § 553 and a state law conversion claim would result in an impermissible double recovery for the same loss.") (citations omitted).  As a result, the Court determines as a

matter of law that if liability is established for both a violation of § 605 and the conversion claim, J & J must elect its remedy because the Court will not allow recovery for both claims.[4]

### D. Dish's Motion to Dismiss

Argueta's third-party complaint contains claims against Dish for deceit, violations of the Arkansas Deceptive Trade Practice Act, Ark. Code Ann. § 4-88-101, et seq., and negligence. (Doc. 40, ¶¶ 28-30). However, Dish contends that "these claims are actually a single claim, derivative of the complaint filed by plaintiff against defendant, whereby defendant seeks indemnification from Dish." (Doc. 47, p. 2). In response to Dish's motion, Argueta argues that she "has claimed a cause of action for, among other things, 'attorney fees and lost revenue from said lawsuit.'" (Doc. 53, p. 1). Yet, "the recovery of attorneys' fees is not technically a cause of action upon which relief can be granted." *Se. Stud & Components, Inc. v. Am. Eagle Design Build Studios, L.L.C.*, 2007 WL 3256869, at *1 (E.D. Ark. Nov. 2, 2007). Likewise, lost revenue is an element of damages and not an independent cause of action. *See generally* Howard Brill, Arkansas Law of Damages § 5:3 (2016).[5] Argueta's response could also be interpreted as meaning that she is not seeking from Dish the money that she might be required to pay to J & J, but is instead asking for attorney fees and lost revenue related solely to her lawsuit against Dish. However, seeking these damages "from said lawsuit" does not in and of itself distinguish Argueta's claims against Dish

---

[4] The Court is mindful of its prior decision in *Joe Hand Promotions, Inc. v. Gamero*, No. 2:15-CV-02135, in which the Court "awarded $1,100 in compensatory damages for conversion as well as $1,000 in minimum statutory damages." 2016 WL 4523589, at *1 (W.D. Ark. Aug. 29, 2016). However, the issue of duplicative recovery was not addressed in that case. Additionally, the Court notes that district court rulings are not treated as binding precedents in other cases and believes its current holding on this issue to be proper.

[5] For purposes of this analysis, lost profit and lost revenue are similar damage claims. *See* 25 C.J.S. Damages § 166 ("In general, in calculating lost profits damages, lost revenue is estimated, and overhead expenses tied to the production of that income are deducted from the estimated lost revenue.").

5

from being derivative of seeking indemnification. In a lawsuit seeking indemnification, attorney fees could be recovered, s*ee U.S. Fid. & Guar. Co. v. Love*, 538 S.W.2d 558, 559 (Ark. 1976), and lost profits have been sought, as well. *See St. Paul Fire & Marine Ins. Co. v. Amsoil, Inc*., 51 F. App'x 602, 604 (8th Cir. 2002).

Argueta's prayer for relief clarifies the true nature of her claims against Dish. In it, Argueta asks the Court for "future damages includ[ing] any judgment of the Plaintiff against Defendants / Third-Party-Plaintiffs in the present cause of action." (Doc. 40, ¶ 33). In the next paragraph, Argueta refers to this request for damages as "contribution for any award against the Defendants / Third-Party-Plaintiffs for the Complaint filed by Plaintiff herein." (*Id*., ¶ 34). This is clearly a claim for indemnification.

"[A] claim for indemnity is a derivative or conditional action in that it is an action by one who is compelled to pay money which ought to be paid by another to recover the sums so paid." *Martin Farm Enterprises, Inc. v. Hayes*, 895 S.W.2d 535, 537 (Ark. 1995) (citing *Carpetland of N.W. Ark., Inc. v. Howard,* 803 S.W.2d 512 (1991)). "A defendant held liable under a federal statute has a right to contribution or indemnification from another who has also violated the statute only if such right arises (1) through the affirmative creation of a right of action by Congress, either expressly or implicitly, or (2) via the power of the courts to formulate federal common law." *Mortgages, Inc. v. United States Dist. Court,* 934 F.2d 209, 212 (9th Cir. 1991) (citing *Texas Industries, Inc. v. Radcliff Materials, Inc.,* 451 U.S. 630, 638–40 (1981)). "Factors relevant to this inquiry are the language of the statute itself, its legislative history, the underlying purpose and structure of the statutory scheme, and the likelihood that Congress intended to supersede or to supplement existing state remedies." *Nw. Airlines, Inc. v. Transp. Workers Union of Am., AFL-CIO*, 451 U.S. 77, 91 (1981). This Court agrees with the holding of the Ninth Circuit:

6

> The explicit language of Sections 553 and 605 do not provide any right to indemnification or contribution. There is no indication in the legislative history that Congress intended to grant violators of Section 553 or Section 605 a right to indemnification. Finally, we find that the remedies set forth in the Act are comprehensive. The remedial provisions in both Sections 553 and 605 take into consideration the degree of the violator's culpability and provide for reduced damages in those instances where the violator was unaware of the violation. There is no indication in the structure of the remedial provisions that Congress intended a violator to have a right to indemnity. We also conclude that this is not an appropriate case for the federal courts to recognize a federal common law right.

*Doherty v. Wireless Broad. Sys. of Sacramento, Inc.*, 151 F.3d 1129, 1131 (9th Cir. 1998). The Court finds that there is no right to indemnification here because there is no federal common law right to indemnification and Congress has not explicitly or implicitly provided such a right to indemnification under the Federal Communication Act.

Dish cited to several other cases where courts have found there is no indemnity available under the federal statutes that Argueta has allegedly violated. *See PPV Connection, Inc. v. Rodriguez*, 228 F.R.D. 99 (D. P.R. 2005); *Joe Hand Promotions, Inc. v. Himmelberg*, 2012 WL 1142939 (S.D. Ohio Apr. 5, 2012); *Don King Prods./Kingvision v. Ferreira*, 950 F. Supp. 286 (E.D. Cal. 1996). Argueta seeks to distinguish all of these authorities on the basis that the third-party plaintiffs in those actions admitted liability and then sought indemnification. (Doc. 53, p. 2). This is a misconception of the law. A claim for indemnification is premature unless the indemnitee has shown that he or she has suffered actual loss by payment or satisfaction of judgment. *See Larson Mach., Inc. v. Wallace*, 600 S.W.2d 1, 13 (Ark. 1980) ("There must be loss, not merely liability, before indemnity is due. No money judgment may be rendered for indemnity until the party seeking indemnity has suffered an actual loss.").

What the cases cited by Dish present is directly analogous to the present action—a defendant arguing that *in the event* he or she is found liable for violating 47 U.S.C. §§ 553 or 605, *then* Dish should indemnify said defendant. *See Himmelberg*, 2012 WL 1142939, at *2

("[Defendant/Third-Party Plaintiff] claims that if he is found liable to Joe Hand for viewing the fight in violation of § 605 and § 553, then DISH is obligated to indemnify him for any damages owed to [Plaintiff]."); *Ferreira*, 950 F. Supp. at 289 ("The court *assumes* for purposes of this analysis that [Defendant] will be liable under all claims asserted against him.") (emphasis added).

Argueta has not cited any authority in support of her arguments that she is not seeking indemnification, and that those cases where it has been found there is no right to indemnification under 47 U.S.C. §§ 553 or 605 are distinguishable or inapplicable. The Court finds that Argueta's claims against Dish in the third-party complaint are an attempt to seek indemnification, and that there is no right to indemnification under federal common law or the Federal Communication Act. As such, Dish's motion to dismiss (Doc. 46) will be granted.

### E.    J & J's Motion to Strike

Because the Court will dismiss Argueta's third-party complaint against Dish (Doc. 40), J & J's motion to strike paragraph 27 of that complaint will be denied as moot.

## III.    Conclusion

IT IS THEREFORE ORDERED that Plaintiff Silvia Argueta's first motion for partial summary judgment (Doc. 12) is TERMINATED.

IT IS FURTHER ORDERED that Argueta's second motion for partial summary judgment (Doc. 15) is GRANTED IN PART. The Court finds § 553 and § 605 are mutually exclusive, and Argueta's assertion that § 605 is applicable is deemed undisputed. J & J Sports Productions, Inc.'s claim alleging a violation of § 553 is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Argueta's third motion for partial summary judgment (Doc. 18) is GRANTED IN PART. The Court will not dismiss J & J's state law conversion claim,

but determines as a matter of law that J & J cannot recover damages for both conversion and a violation of § 605.

  IT IS FURTHER ORDERED that Dish's motion to DISMISS (Doc. 46) is GRANTED. Argueta's third-party complaint is DISMISSED WITHOUT PREJUDICE.

  IT IS FURTHER ORDERED that J & J's motion to strike (Doc. 43) is DENIED AS MOOT.

  IT IS SO ORDERED this 30th day of November, 2016.

            /s/ P. K. Holmes, III
            P. K. HOLMES, III
            CHIEF U.S. DISTRICT JUDGE