IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

J & J SPORTS PRODUCTIONS, INC.                                           PLAINTIFF

v.                                        Case No. 5:15-CV-05200

SILVIA ARGUETA, individually and d/b/a
La Sirenita Restaurant a/k/a La Sirena                                    DEFENDANT

## ORDER

Before the Court is Plaintiff J & J Sports Productions, Inc.'s ("J & J") motion to alter or

amend judgment (Doc. 78) of the Court's order (Doc. 69) and judgment (Doc. 70) granting J & J

summary judgment for its claim under 47 U.S.C. § 605 and awarding $250.00 in damages, as well

as J & J's brief in support of its motion (Doc. 79).  J & J has also submitted a motion for attorneys'

fees and costs (Doc. 71) and brief in support (Doc. 72), to which Defendant Silvia Argueta filed a

response (Doc. 73), and J & J filed a reply (Doc. 77).  The Court will address each motion in turn.

I.       **Motion to Alter or Amend**

Motions to alter or amend a judgment are made pursuant to Rule 59(e) of the Federal Rules

of Civil Procedure.  "Rule 59(e) motions serve a limited function of correcting manifest errors of

law or fact or to present newly discovered evidence."  *Innovative Home Health Care, Inc. v. P.T.-*

*O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (quotations and citations

omitted).  J & J asserts that the Court committed manifest errors of law and fact by reducing

damages to $250.00 without consideration of the objective requirement of the relevant statute.

Under 47 U.S.C. § 605(e)(3)(C)(i)(II), statutory damages for each violation under § 605 shall be

not less than $1,000 or more than $10,000.  However, according to 47 U.S.C. § 605(e)(3)(C)(iii),

"where the court finds that the violator was not aware and had no reason to believe that his acts

constituted a violation of this section, the court in its discretion may reduce the award of damages

1

to a sum of not less than $250." In the order awarding summary judgment, the Court reduced damages to $250.00 after finding that "Argueta and her employee were unaware at the time of ordering the fight that a commercial license was required and that they were only paying for a residential license." (Doc. 69, p. 5). J & J contends that the Court only considered the subjective portion of the statutory carve-out for reducing damages below the $1,000 minimum. Additionally, J & J argues that as a matter of policy the Court should not reduce damages solely based on an argument of ignorance.

"Courts have great discretion in awarding statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)." *DirecTV, Inc. v. Hendrix*, 2005 WL 757562, at *5 (N.D. Cal. Apr. 1, 2005). J & J points to *Directv, Inc. v. Adkins*, 320 F.Supp.2d 474, 477 (W.D.Va. 2004), as support for its contention that Ms. Argueta bears the burden of showing that she had no reason to believe her conduct was unlawful and that she did not meet her burden. While *Adkins* accepts that the burden is on the Defendant, the case it cites to as authority for this position is inapposite. *See Don King Prods./Kingvision v. Lovato*, 1996 WL 682006, at *4 (N.D. Cal. Nov. 15, 1996) ("Given that [Plaintiff] has shown neither willfulness nor awareness on the part of [Defendant], the Court exercises its discretion under 47 U.S.C. § 605(e)(3)(C)(iii) to impose the minimum damages against Defendant… in the amount of $250."). Here, the Dish Network residential account was already installed and in service when Ms. Argueta purchased the restaurant. (Doc. 65-1, p. 1). When a restaurant employee thereafter purchased the fight in question, Ms. Argueta argued in effect that she had no reason to know she was violating the law because she presumed the prior owner of the restaurant had the proper account installed. J & J has presented no evidence to the contrary. Under the facts and circumstances presented in this case that the Court ruled on in its prior order, the Court's finding that Ms. Argueta was unaware a commercial license was required

also supports a finding that she had no reason to know a commercial license was required.  Because making this finding on the objective requirement has no bearing on the Court's conclusion, the Court need not alter or amend judgment on this basis.

J & J also contends in the immediate motion that the Court's decision did "not sufficiently address the necessity of deterrence."  (Doc. 79, p. 4).  Of course, J & J does not argue that the Court failed to address deterrence, but merely that the Court's judgment did not "sufficiently" address this issue.  The Court carefully considered deterrence in entering judgment, and found that the judgment entered sufficiently addressed this consideration.  The Court will not amend or alter its judgment on this basis, either.

## II.      Motion for Attorneys' Fees and Costs

Pursuant to 47 U.S.C. § 605(e)(3)(B)(iii), the Court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails."  Here, the Court granted summary judgment to J & J and awarded $250.00 in statutory damages.  In accordance with that ruling, J & J now requests $19,621.95, which is composed of $18,270.00 in attorneys' fees and $1,351.95 in costs.  The attorneys' fees sum consists of 23.45 hours from an administrative assistant billed at $100.00 per hour, 37.00 hours from a research attorney at $300.00 per hour, and 9.65 hours from attorney Thomas P. Riley at $500.00 per hour.

The starting point for determining a reasonable amount of attorneys' fees is the lodestar calculation which "provides an objective basis on which to make an initial estimate of the value of the lawyer's services."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005).  There is a strong presumption that the lodestar method yields a "reasonable" fee.  *Perdue v. Kenny A. ex rel. Winn*, 130 S. Ct. 1662, 1673 (2010).  Under this calculation, "the most critical factor" in determining the reasonableness of a fee award "is the

degree of success obtained." *Hensley,* 461 U.S. at 436.  Further, if "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Id.*  "Having considered the amount and nature of damages awarded, the court may lawfully award low fees or no fees without reciting the 12 factors bearing on reasonableness, or multiplying 'the number of hours reasonably expended… by a reasonable hourly rate.'" *Farrar v. Hobby*, 506 U.S. 103, 115 (1992) (citing and quoting *Hensley*, 461 U.S. at 430, n.3, and 433).

While J & J received summary judgment, its damages award of $250.00 represents a recovery of less than one percent of its request for $35,000.00.  J & J's complaint sought more than $170,000 in damages, of which its total award of $250.00 represents less than one-tenth of one percent.  J & J recovered the minimum award allowed under the statute.  The amount awarded to J & J reflects its limited degree of success.  In this case, the product of hours expended times a reasonable hourly rate would be an excessive recovery.  *See Hensley,* 461 U.S. at 436.

J & J requests that the Court follow the Laffey Matrix for purposes of finding its requests for attorneys' fees to be reasonable, but this Court recently noted in a similar case litigated by J & J's counsel that "[o]ther courts in the Eighth Circuit have criticized the Laffey Matrix, and this Court will not utilize it." *Joe Hand Promotions, Inc. v. Gamero*, 2016 WL 4523589, at *2 (W.D. Ark. Aug. 29, 2016).  The Court finds J & J's request of $19,621.95 to be unreasonable considering its limited success and the "cumulative, boilerplate nature of Cable Act cases." *J&J Sports Prods., Inc. v. 291 Bar & Lounge, LLC*, 648 F. Supp. 2d 469, 475 (E.D.N.Y. 2009) (adopting in its entirety a report and recommendation that noted 2.5 hours of attorney time on a Cable Act case to be reasonable, but counsel's hourly rate of $250.00 excessive).  Because of its very limited success

in this "boilerplate" action, the Court chooses to determine a reasonable fee for J & J without reciting the 12 *Hensley* factors bearing on reasonableness.   *See Farrar v. Hobby*, 506 U.S. at 115.

In support of its motion, J & J argues that "this case required Plaintiff to respond to and address several invalid… arguments." (Doc. 72, pp. 3-4).   Yet, Ms. Argueta contends that "almost all of the work done was in responding to motions to untangle the mutually exclusive damages…." (Doc. 73, p. 2).   The number of hours should be reduced to exclude "hours that are excessive, redundant, or otherwise unnecessary" in order to reflect the number of hours that would properly be billed to the client.   *Hensley*, 461 U.S. at 434.   The Court's primary rulings regarding the motions filed were that: (1) J & J's 47 U.S.C. § 553 claim was dismissed without prejudice; (2) J & J could not recover for both a violation of § 605 and its conversion claim; and (3) Ms. Argueta violated § 605, but she was not aware and had no reason to believe her acts violated the statute so the damages award was reduced to the statutory minimum of $250.00.   J & J has provided an itemized computation of attorneys' fees that shows at least $2,500 of its charged time was in responding to Ms. Argueta's arguments that the Court ultimately found to be meritorious (Doc. 71-1, pp. 5-13).   The Court does not believe that Ms. Argueta should pay for J & J's responses to motions that the Court ruled on in Ms. Argueta's favor, but that would be the result if fees were awarded to J & J for the time billed in responding to those motions.   Also of note, a decent amount of the billed time was redundant with different individuals reviewing the same filings.   (*Id.*).   The Court will exclude these redundant charges.   Additionally, at least $6,000 was charged regarding J & J's motion for summary judgment which the Court ultimately found in its favor, but Ms. Argueta was successful in limiting damages to $250.00.   (*Id.*).   J & J's success on the merits, in light of Ms. Argueta's success in motion practice, leads the Court to find that a reasonable amount of attorneys' fees to award J & J in this case is $1,500.00.

Regarding costs, the Court is mindful that J & J is entitled to "full costs" under § 605(e)(3)(B)(iii). This has been interpreted to mean only "taxable costs." *See Kingvision Pay-Per-View Ltd. v. Autar*, 426 F. Supp. 2d 59, 66 (E.D. N.Y. 2006) (citations omitted) ("Although a plaintiff is entitled to recover its 'full costs' under § 605(e)(3)(B)(iii), many courts have interpreted the term, 'full costs,' as meaning, 'taxable costs.'"). The Court does not believe "full costs" extends to the $650.00 investigative fee. *See Int'l Cablevision, Inc. v. Noel,* 982 F. Supp. 904, 918 (W.D.N.Y.1997) ("The legislative history for § 605(e) instructs that the court has the power to direct the recovery of investigative fees, not that the court is required to order such an award."). Further, the Court believes that "a request for investigative fees pursuant to § 605(e)(3)(B)(iii) should be subject to the same level of scrutiny to which requests for attorneys' fees are subjected." *Id.*; *see also J & J Sports Prods., Inc. v. Brazilian Paradise, LLC*, 789 F. Supp. 2d 669, 677 (D.S.C. 2011); *Autar*, 426 F. Supp. 2d at 67. Thus, the Court will award investigative fees only on a showing of "(1) the amount of time necessary for the investigation; (2) how much the investigators charged per hour; [and] (3) why the investigators are qualified to demand the requested rate." *Int'l Cablevision, Inc.*, 982 F. Supp. at 918. Because J & J's attorney has not provided any details regarding the $650.00 investigative fee sought, the Court denies its recovery. The Court also denies J & J costs for being admitted to this Court pro hac vice. *See J & J Sports Prods., Inc. v. Montes*, 2016 WL 1448876, at *1 (W.D. Ark. Apr. 12, 2016).

J & J is entitled to costs for its complaint filing fee of $400.00, courier charges in the amount of $11.95, and for service of process in the amount of $190.00. As a result, total recovery for costs will be $601.95.

### III.    Conclusion

IT IS THEREFORE ORDERED that Plaintiff's motion to alter or amend judgment (Doc. 78) is DENIED, and the judgment (Doc. 70) stands as entered.

IT IS FURTHER ORDERED that Plaintiff's motion for attorneys' fees and costs (Doc. 71) is GRANTED IN PART to the extent that Plaintiff is awarded attorneys' fees in the amount of $1,500.00 and costs in the amount of $601.95.

IT IS SO ORDERED this 15th day of February, 2017.

/s/ P. K. Holmes, III

P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE